UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
Case No. 14-1082

ALEXANDER S. ORENSHTEYN,

        Plaintiff-Appellant,

v.

INTERNATIONAL BUSINESS MACHINES CORP.,

        Defendant-Appellee.

Appeals from the United States District Court for the Southern District of New York in case no. 02-cv-05074-JFK-RLE, Judge John F. Keenan

**CONSENTED TO MOTION OF THE PLAINTIFF-APPELLANT TO ENLARGE THE TIME TO FILE APPELLANT'S INITIAL BRIEF**

---

**A.   RELIEF SOUGHT**

Pursuant to Local Rule 26(b)(1) of the United States Court of Appeals for the Federal Circuit, Plaintiff-Appellant Alexander S. Orenshteyn moves the Court to extend by ninety (90) days the time for the Plaintiff-Appellant to file his initial brief. The Plaintiff-Appellant needs this extra time to familiarize himself with the case file and research this Court's and other courts' opinions relating to the issues of claim validity.

**B.   STATEMENT OF CONSENT**

The movant has conferred with the Appellee in this action and the Appellee's counsel has advised the movant, via e-mail dated Dec 23, 2013, that the Defendant-Appellee does not object to the requested time enlargement.

**C.   EXTENSION SOUGHT AND GROUNDS**

RECEIVED
2013
United States Court of Appeals
For The Federal Circuit

1

| | |
|---|---|
| Date to be Extended: | January 14, 2014 - Date for Filing the Blue Brief (Initial Brief) |
| Revised Date: | April 16, 2014 |
| Number of days of extension sought: | 90 |
| Total Number of Extensions Previously Granted: | 0 |

Due to the several circumstances beyond the plaintiff's control, additional time is necessary to enable the Plaintiff-Appellant to research the relevant issues and to complete and file his initial brief.

In particular:

1) The Plaintiff-Appellant's Chapter 13 bankruptcy case was just closed on November 1st 2013. (see Exh. A) The Plaintiff-Appellant has not had any opportunity to get back on his feet financially and has been experiencing severe financial hardship. Because of this severe financial hardship the Plaintiff-Appellant not only is unable to afford a new competent attorney (after his contingency fee attorney of record abandoned him despite prior commitment to appeal erroneous decisions) but is also unable to afford any paid legal research services. The Plaintiff-Appellant has been reduced to rely exclusively on documents available at no cost on the internet. The Plaintiff-Appellant therefore is greatly prejudiced by having to argue against the Defendant-Appellee with practically unlimited financial resources. It appears that in this Great United States of America there are two classes of citizens, those can afford to pay $600 per hour to appellate attorneys and those who can't.

Sadly, this Plaintiff-Appellant falls in the latter category. So much for equal treatment under the law and ability of any indigent Plaintiff to protect his intellectual property.

2) Since the attorney of record Mr. Joseph Zito filed the notice of Appeal, and paid the docketing fee out of his own funds, it did not even become apparent to the Plaintiff-Appellant (now acting pro se,) for a period of about two weeks since the filing of the notice of appeal, that attorney Zito had no intention of being involved in this Appeal.

3) The Defendant-Appellee is represented by experienced attorneys who are intimately familiar with the case file. The movant of this motion, on the other hand, is NOT an attorney, has no formal legal training of any kind, and is still largely unfamiliar with the case file. As a represented party in the Trial Court, the Plaintiff-Appellant relied on his attorney to make all the decisions in the case (and the related cases,) and therefore needs time to understand what happened, to have anything remotely resembling a fair hearing in this Court.

4) The attorney of record in the lower court Mr. Zito also has been unavailable since the notice of Appeal filing for any consultations to help the Plaintiff-Appellant's understanding exactly why the Trial Court Summary Judgment opinion shows the Trial Court lacks even basic understanding of patent law.

5) This case docket spans a period of 11 years, has close to 70 documents and with various huge exhibits contains many thousands of pages of legalese and expert reports with technical manuals which have direct bearing on the issues at hand. And given the Trial Court's has factually erroneous understanding of what was and what was not decided in a related case in Florida, makes it for a very complicated case.

6) The Plaintiff-Appellant is not an attorney nor does he make his living by doing anything even

related to litigation and therefore is unable to allocate his time in its entirety to defend his intellectual property rights in this action. In addition the Plaintiff-Appellant, having just recently completed his Chapter 13 proceedings, lacks savings (with all his recent earnings gone to pay the creditors) on which to rely for living expenses, while litigating this appeal, and needs time to try to make a living.

### D. CONCLUSION

Accordingly, the movant respectfully requests that the consented to motion be granted as requested above.

Respectfully submitted this 24th day of December 2013.

Alexander S. Orenshteyn
PRO SE

**05-44110** Alexander S. Orenshteyn
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Judge:** Melvin S. Hoffman
**Date filed:** 06/16/2005 **Date of last filing:** 11/01/2013 **Plan confirmed:** 09/25/2007
**Debtor discharged:** 02/07/2013
**Date terminated:** 11/01/2013

Mobile Query

## Query

| | |
|---|---|
| Alias | Trustee |
| Associated Cases | View Document |
| Attorney | Claims Register |
| Case Summary | List of Creditors |
| Creditor | |
| Deadline/Schedule | |
| Docket Report ... | |
| Filers | |
| History/Documents | |
| Notice of Bankruptcy Case Filing | |
| Party | |
| Related Transactions | |
| Status | |

*exh. A*

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
NO. 14-1082

ALEXANDER S. ORENSHTEYN,

    PLAINTIFF/APPELLANT,

v.

IBM

    DEFENDANT/APPELLEE

_____/

### CERTIFICATE OF SERVICE

I, Alexander S. Orenshteyn, hereby certify that a true copy of the motion to enlarge time to file the initial brief was served by first class mail, postage prepaid to the following:

    Marc Pensabene
    Fitzpatrick, Cella, Harper & Scinto
    1290 Avenue of Americas
    New York, NY 10104-3800

Dated: December 24, 2013

    _____
    Mr. Alexander S. Orenshteyn
    (mailing address)
    290 Turnpike Road,
    Suite 5-156
    Westborough, MA 01581
    Email:alexo@remote-computing.com
    Tel:775-345-0148